**United States District Court**
For the Northern District of California

1

**\*E-Filed 1/21/11\***

2

3

4

5              IN THE UNITED STATES DISTRICT COURT

6            FOR THE NORTHERN DISTRICT OF CALIFORNIA

7                   SAN FRANCISCO DIVISION

8

9   CRYSTAL ANN POOLE,                         No. C 10-02668 RS

10              Petitioner,

11      v.                                      **ORDER DENYING PETITION TO
                                                QUASH TWO IRS THIRD PARTY
                                                SUMMONS**
12   UNITED STATES OF AMERICA,
     INTERNAL REVENUE SERVICE, and
13   JENNIFER FONG, Special Agent,

14              Respondents.
     _____/
15

16                        I.  INTRODUCTION

17          Pro se petitioner Crystal Ann Poole filed a petition to quash summons issued by the Internal

18   Revenue Service to obtain records from two third-parties, Connell Auto Center (CAC) and

19   European Auto Center (EAC).  The IRS filed an opposition to her petition to quash and the hearing

20   was scheduled for December 2, 2010.  Pursuant to Civil Local Rule 7-1(b), the matter is suitable for

21   disposition without oral argument.  For the reasons stated below, the petition to quash is denied.

22                        II.  BACKGROUND

23          According to the IRS, Poole is presently the subject of a criminal investigation into her

24   compliance with internal revenue laws.  As part of the investigation, IRS Special Agent Jennifer

25   Fong sought to obtain records related to car purchases made by Poole from CAC and EAC.  The

26   IRS contends that the information relates to Poole's income, assets, and liabilities and is therefore

27   relevant to ascertaining her tax obligations for the tax years 2005 through 2009.  Thus, on May 27,

28   2010, Fong served summons on the two auto dealers setting the time for appearance or production

1    of the documents on June 10, 2010.  The parties produced the requested records and Fong declares

2    that the materials have been set aside pending this Court's ruling on the petition to quash.

3        The IRS bears the initial burden of establishing that it is acting in good faith in seeking

4    enforcement of its summons.  In order to establish a prima facie case, the government must

5    demonstrate that: (1) a legitimate purpose for the investigation exists; (2) the information sought is

6    relevant to that purpose; (3) the information is not already within the possession of the IRS; and (4)

7    the required administrative procedures of the Internal Revenue Code have been followed.  *United*

8    *States v. Powell*, 379 U.S. 48, 58 (1964).  The government may satisfy this showing through a

9    declaration by the IRS agent who issued the summons.  *United States v. Samuels, Kramer & Co.*,

10   712 F.2d 1342, 1345 (9th Cir. 1983).  Thereafter, the burden shifts to the petitioner to demonstrate

11   that enforcement of the summons would constitute an abuse of the court's process.  *See United*

12   *States v. Bell*, 57 F. Supp. 2d 898, 906-07 (N.D. Cal. 1999).

III.  DISCUSSION

14       The IRS relies on the declaration of Fong to meet its initial burden of demonstrating good

15   faith.  In her statement, Fong avers that she seeks to ascertain the tax liabilities of Poole; that she

16   believes CAC and EAC possess records related to that inquiry; that the IRS was not in possession of

17   the information at the time she served the summons; and that she followed the administrative steps

18   required by the Internal Revenue Code in issuing them.  In her petition to quash, Poole challenges

19   only the last element of the government's prima facie case.  She contends that the IRS violated

20   various statutory requirements of the summons process in serving a summons on CAC and EAC.

21   Specifically, Poole makes the following allegations: (1) that the IRS failed to provide her with the

22   notice required by 26 U.S.C. section 7609(a)(1); (2) that the IRS failed to provide her with advance

23   notice and periodic updates as required by 26 U.S.C. sections 7602(c)(1) and 7602(c)(2); (3) that

24   each summons was issued while a referral for criminal prosecution was pending in violation of 26

25   U.S.C. section 7602(d)(2)(A); and (4) that the IRS' use of Form 2039 to summons third-party non-

26   recordkeepers was an abuse of process.  As a final grounds for challenging the summons, Poole

27   contends that the statutory violations and abuse of the summons process altogether demonstrate that

28   the IRS has failed to act in good faith.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

A.      Section 7609

Section 7609 of the Internal Revenue Code establishes special procedures related to third-party summons.  The section, however, does not apply to any summons: (1) issued by an IRS criminal investigator in connection with an investigation into a violation of the internal revenue laws; and (2) served on a person who is not a third-party recordkeeper.  *See* § 7609(c)(2)(E). Section 7603(b) provides the definition of third-party recordkeeper and includes, among others, banks, consumer reporting agencies, persons extending credit through credit cards, brokers, attorneys, accountants, and regulated investment companies.  Furthermore, a recordkeeper for purposes of section 7609 "must be engaged in the making or keeping of records for the taxpayer's purposes." *United States v. Joseph*, 829 F.2d 724,729 (9th Cir. 1987).  Where a third-party recordkeeper receives a summons, the person to whom the records relate must be provided notice of it no later than twenty-three days before the date set for inspection of the materials.  *See* § 7609(a)(1).  Any party entitled to notice may institute a proceeding to quash a summons within twenty days of receiving such notice.  *See* § 7609(b)(2).

Poole contends that the IRS violated the statutory summons process when it failed to provide her notice of the third-party summons to CAC and EAC at least twenty-three days in advance of the inspection date.  In this case, however, the notice requirements are inapplicable under the exception for summons issued to non-recordkeepers in criminal investigations.  The declaration of Fong establishes that Poole is the subject of a criminal investigation and the records from the auto dealers are sought in connection with that investigation.  The auto dealers do not fall within any of the enumerated categories in section 7603(b) defining third-party recordkeepers; moreover, neither was keeping the records on Poole's behalf.  Accordingly, the notice requirements set forth in section 7609(a)(1) are inapplicable here.  Although Fong did provide Poole with notice of both summons, the government was not required by statute to do so. Therefore, the IRS did not fail to comply with section 7609.

B.      Section 7602

Section 7602 provides the IRS with the authority to inspect records, to issue summons, and to take testimony in order to ascertain or to collect the tax liability "of any person in respect of any

internal revenue tax." *See* § 7602(a).  If the IRS intends to contact persons other than the taxpayer whose liability it seeks to determine, it must provide reasonable advance notice to the taxpayer that such contacts may be made.  *See* § 7602(c)(1).  It must also periodically provide the taxpayer with reports of third-party contacts actually made.  *See* § 7602(c)(2).  These notice requirements, however, do not apply "with respect to any pending criminal investigation." § 7602(c)(3). Although Poole contends that the IRS failed to follow the administrative requirements of sections 7602(c)(1) and 7602(c)(2), Fong's declaration adequately establishes that Poole was the subject of a criminal investigation.  Additionally, Poole alleges that the IRS violated this section by issuing the summons while a referral to the Department of Justice for criminal prosecution was pending.  *See* § 7602(d)(1) ("No summons may be issued under this title . . .with respect to any person if a Justice Department referral is in effect with respect to such person.").  In this case, Fong also declares that there has been no referral to the Department of Justice.  Thus, the government has not violated the administrative requirements of this section.

C.      Form 2039

    Poole argues that the IRS' use of Form 2039 constitutes an abuse of process.  Based on her complaint, she misconstrues the provisions of the Internal Revenue Code in apparently concluding that the IRS may only serve summons on third-party recordkeepers and not on third parties generally.  Poole correctly identifies that CAC and EAC are not third-party recordkeepers pursuant to section 7603(b)(2). Pet. at 4:2-3.  Based on that fact, she seeks a declaration from the Court affirming that the auto dealers are not third-party recordkeepers "and therefore had no legal obligation to respond to the IRS' illegally issued [summons]." Pet. at 5:4-5.  As discussed above, where a third-party recordkeeper receives a summons, the Code provides for notice and the opportunity to initiate proceedings to quash it, but the broad authority of the IRS to summons any person, of course, is not limited to recordkeepers.  *See* §§ 7609(a)(1), 7609(b)(2), and 7602(a).

    In this case, the IRS used Form 2039, its general summons form, for issuance of a summons on both CAC and EAC.  Although Poole was not entitled to notice, Fong nevertheless sent Poole copies of each summons.  On the certificates of notice, Fong identified CAC and EAC as third-party recordkeepers.  The IRS contends that this mistake is a "clerical error," which did not prejudice

No. C 10-02668 RS
ORDER DENYING PETITION TO QUASH

United States District Court
For the Northern District of California

Poole's substantive rights.  Although this misstatement surely contributed to Poole's confusion, the basis of her abuse of process allegation is her mistaken belief that "the purpose of [third-party summons] is to summons third-party record-keepers."  Pet. at 3:28 - 4:2.  Instead, the IRS only needs to aver its belief that CAC and EAC are in possession of records relevant to its investigation of Poole and it has done so through Fong's declaration.  Therefore, the summons served on both CAC and EAC by the IRS do not constitute an abuse of process.

D.    <u>Good Faith</u>

Although Poole alleges that the IRS committed a number of statutory violations of the summons process, the government has met its burden of demonstrating that it complied with the administrative requirements.  As Poole did not challenge the government's prima facie case of good faith on any other grounds, the IRS has met its initial burden.  Accordingly, Poole must demonstrate that enforcement of the summons would constitute an abuse of this Court's process.  In this case, Poole's primary objection appears to stem from a mistaken belief that non-recordkeepers are not subject to receiving summons.  As this belief is in error, the IRS is entitled to enforce its summons.

IV.  CONCLUSION

Poole's petition to quash the two IRS summons served on CAC and EAC respectively is denied.  In her petition, Poole raises miscellaneous, additional requests for relief against the IRS and the auto dealers, including compensation for violations of state and federal privacy laws.  As the petition to quash is denied, to the extent that Poole alleges additional claims related to the validity of these summons, such claims must be dismissed.


IT IS SO ORDERED.


Dated:  1/21/11

_____
RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

1
2  **THIS IS TO CERTIFY THAT A HARD COPY OF THIS ORDER WAS MAILED TO:**
3  **Crystal Ann Poole**
4  P.O. Box 6913
   San Pablo, CA 94806-6913
5
6  DATED:  1/21/11
7                                      /s/ Chambers Staff
8                                      Chambers of Judge Richard Seeborg
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

                                                    No. C 10-04627 RS
                                                    ORDER DENYING PETITION TO QUASH